UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY PERRY, | ) | CASE NO. 1:25-CV-785 |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| PNC BANK, N.A., | ) | **OPINION AND ORDER** |
| Defendant. | ) | |

*Pro se* Plaintiff Anthony Perry ("Plaintiff") filed this action against PNC Bank, N.A. ("PNC"). (Doc. 1.) He seeks unspecified monetary damages and injunctive relief. Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2.)

On May 28, 2024, Plaintiff alleges he applied for an auto loan in the amount of $83,172.00. (Doc. 1 at 4.)[1] He alleges he completed a credit application at his home and was instantly denied the extension of credit "based upon things on plaintiff [sic] consumer report." (*Id.* at 8.) He concludes, without explanation, that PNC discriminated against him on the basis of his race. (*Id.* at 8-10.)

Plaintiff asserts three legal claims in his complaint. First, he contends he is "African American/Black," and PNC discriminated against him on the basis of his race. (*Id.* at 7-8.) He claims this is a violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a). (*Id.*) Second, he alleges PNC discriminated against him in the making of a contract on the basis of his race in violation of 42 U.S.C. § 1981. (*Id.* at 9.) Finally, he asserts PNC denied him the ability to inherit, purchase, lease, sell, hold, and convey real and personal property on the basis of his race, in violation of 42 U.S.C. § 1982. (*Id.* at 9-10.)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Nonetheless, an *in forma pauperis* action must be dismissed under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.  *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999).

A cause of action fails to state a claim upon which relief may be granted when the complaint lacks "plausibility."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id*.  In reviewing a complaint, the pleadings are presumed true and viewed in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff's complaint does not rise above the speculative level and must be dismissed.  He includes very few factual allegations.  He gives no indication as to why he believes he was denied credit on the basis of his race.  There is no suggestion that any representative from PNC ever saw Plaintiff or otherwise became aware of his race.  Plaintiff contends he completed the credit application at home.  (Doc. 1 at 8.)  Nothing alleged in the complaint suggests he was denied credit on the basis of his race.  Plaintiff's claims are stated solely as legal conclusions,

which is not sufficient to state a claim upon which relief may be granted.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 27, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE